UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                     No. 6:21-CR-60003

TYRONE HARRIS                                                           DEFENDANT

## OPINION AND ORDER

The Court has received a report and recommendation (Doc. 25) from Chief United States Magistrate Judge Mark E. Ford.  No objections were filed and the deadline to object has passed.  This matter was referred to the Magistrate for purposes of conducting a competency hearing under 18 U.S.C. § 4241.  The Magistrate recommends that the Court find Defendant Tyrone Harris is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and order that Defendant be committed to the custody of the Attorney General under § 4241(d).  Though there have been no objections, the Court has conducted de novo review of the record available to it.  Due to the ongoing COVID-19 pandemic, the competency hearing before the Magistrate was conducted via zoom, and the Court's review included an audiovisual recording of that hearing.

The Court agrees entirely with the Magistrate's findings of fact and characterization of Defendant's demeanor during the hearing and also with the Magistrate's application of law to those facts.  The report and recommendation (Doc. 25) is ADOPTED IN FULL.

Having reviewed the record de novo, however, the Court will exceed the recommendation and also order preparation of a report under 18 U.S.C. § 4247(c) not only opining whether Defendant is capable of understanding the nature and consequences of the proceedings against him

1

or of assisting properly in his defense, but also opining whether Defendant was insane at the time of the offense charged, and whether he is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

At the hearing before the Magistrate Judge, the Government's expert witness Dr. Szyhowski testified that Defendant, who is diagnosed as schizophrenic, likely would benefit from specialized rehabilitation services for the purpose of competency restoration. He testified that part of this competency restoration likely would require medication, but Defendant has consistently communicated that he is opposed to forced medication and has refused all treatment efforts. Dr. Szyhowski opined that Defendant does not recognize or have insight into his mental illness and testified this lack of insight "speaks to . . . the sustainability of treatment if he wanders outside of supervised treatment." Dr. Szyhowski also testified that he believes the acute phase of Defendant's mental illness has persisted continuously (but for brief moments of lucidity) since 2018.

Though medication and treatment may assist in returning Defendant to competency, on this record it is likely the Government will have to move for an order to forcibly medicate Defendant if the Government wishes to return him to competency. To do so, the Government will have to satisfy the *Sell* factors.[1] In satisfying those factors, the Government will be required to show that "'important governmental interests are at stake' and that the 'special circumstances' of a given case do not sufficiently offset those interests." *United States v. Nicklas*, 623 F.3d 1175, 1181 (8th Cir. 2010) (Melloy, J., concurring in part and dissenting in part) (quoting *Sell*, 539 U.S. at 180).

"[A] prior adjudication of mental incompetency gives rise to a rebuttable presumption of continued incompetency . . . . Such rebuttable presumption is a rule of evidence which has the

---

[1] *Sell v. United States*, 539 U.S. 166, 180–81 (2003).

effect of overcoming the legal presumption of sanity and mental capacity to commit the crime charged." *Hurt v. United States*, 327 F.2d 978, 981 (8th Cir. 1964).  Dr. Szyhowski's report recognizes that Defendant was previously determined incompetent in a different case in 2017. (Doc. 17, p. 3) (noting Defendant "was ultimately restored to appropriate competency related functioning").  This previous restoration to competency may support Dr. Szyhowski's opinion that Defendant could again be restored to competency.  When considered in light of Dr. Szyhowski's concern that reversion to incompetency has occurred due to Defendant's "wander[ing] outside of supervised treatment," however, this previous determination of incompetency emphasizes the presumption that Defendant was insane at the time of the offense charged.

Because the Court foresees a motion from the Government to forcibly medicate Defendant, and because of the presumption, supported by the Government's expert testimony in this case, that Defendant was also incompetent at the time of the offense, "special circumstances" are more clearly present here than in *Nicklas*.  To support any argument under *Sell* that important Government interests are at stake, it will be necessary for the Government to rebut the presumption that Defendant was insane when he committed the instant offense.  Therefore, any evaluation intended to determine whether Defendant can be made competent to understand these proceedings and assist in his own defense should also result in an examination for the purpose of opining whether Defendant was insane at the time of the offense charged.

IT IS THEREFORE ORDERED pursuant to 18 U.S.C. § 4241(d) that Defendant Tyrone Harris is committed to the custody of the Attorney General for a reasonable period as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit these proceedings to go forward and for an additional reasonable period of time as allowed by 18 U.S.C. § 4241(d)(2).

IT IS FURTHER ORDERED pursuant to 18 U.S.C. § 4242(a) that a psychiatric or psychological examination of Defendant Tyrone Harris be conducted and a report filed pursuant to 18 U.S.C. § 4247(b) and (c).

IT IS SO ORDERED this 12th day of November, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE